IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


**TYRONE JAMES WALKER, # K5384**                              **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 5:16cv17-DCB-MTP**

**MEDICAL DIRECTOR JAMES BURKE,
WARDEN JAMES WALKER, MAJOR B.
RODRIGUEZ, SERGEANT JENKINS,
NURSE PARKER, PATTY WILEY, MHM
SERVICES CORPORATE OFFICE,
SERGEANT JONES, MANAGEMENT AND
TRAINING CORPORATION, and
CENTURION OF MS, LLC**                              **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER DISMISSING
PATTY WILEY AND MHM SERVICES CORPORATE OFFICE**

This matter is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Tyrone James Walker is incarcerated with the Mississippi Department of Corrections. He brings this action, pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, the Court holds that Defendants Patty Wiley and MHM Services Corporate Office should be dismissed. The case shall proceed against the remaining Defendants.

BACKGROUND

On February 26, 2016, Plaintiff filed the instant action. He complains about the conditions of his confinement at Wilkinson Correctional Facility ("WCCF"), where he was formerly housed, and at the East Mississippi Correctional Facility ("EMCF"), where he is currently located. Both prisons are privately run by Defendant Management and Training Corporation ("MTC").

Defendants Dr. James Burke and Nurse Parker are alleged to be medical personnel at WCCF, employed by Defendant Centurion of MS, LLC. Centurion is purported to be the medical provider at EMCF as well. Also listed as a separate Defendant is "MHM Services Corporate Office, Centurion of MS, 1593 Spring Mill Rd[.], Suite 600, Vienna[,] Va[.] 22182." (Compl. at 3). Defendant Warden James Walker is the warden at WCCF. Defendants Major B. Rodriguez, Sergeant Jenkins, and Sergeant Jones are correctional officers at that prison. Defendant Patty Wiley is a mental health counselor at WCCF.

According to Plaintiff, when he was housed at WCCF, Dr. Burke beat Plaintiff's leg with an i.v. pole, until the leg broke. At the time, Plaintiff claims he was in full restraints and was also being held down by Parker, Jenkins, and Jones. Plaintiff contends he was subsequently placed in a lock down cell where, for two weeks, MTC and Rodriguez denied him medical attention for his broken leg. He was then taken to a hospital in McComb, but he alleges that Warden Walker prevented the hospital from placing a cast on his leg.

On February 9, 2016, Plaintiff was transferred to EMCF. Here he complains that he was placed on lock down in a zone where other inmates "set fires all day," officers do not perform security checks, and the nurses will not come to distribute medicine. *Id.* at 6. Plaintiff claims that he has filled out sick calls to "all of the officers," nurses, unit manager, and mental health counselors. *Id.* These sick calls complain about the pain from Plaintiff's leg, blood pressure, "real bad headaches," and black outs, but the requests have gone unanswered. (Pl.'s Resp. at 2). For this, he blames Centurion, whom he accuses of knowing about his injury yet refusing treatment because of what Dr. Burke did. Plaintiff claims that the only medication he is prescribed is a psychiatric medication, but he is not receiving it because the nurses will not come

on his zone.

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, for excessive force, delay and denial of medical treatment, and the conditions on his current housing zone. The former claim is brought against Dr. Burke, Jenkins, Parker, and Jones. The medical claims are asserted against Warden Walker, Rodriguez, Management and Training Corporation, MHM Services, and Centurion. The current housing zone claims are brought against MTC. Plaintiff does not mention any facts against Wiley.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute reads, in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Plaintiff sues Wiley, a mental health counselor at WCCF, and MHM Services Corporate Office.

Other than listing her as a Defendant, Plaintiff does not otherwise mention Wiley, despite being given the opportunity to be more specific in his charges against this defendant. Plaintiff therefore fails to state a claim against Wiley upon which relief may be granted. She will be dismissed.

As for MHM, this Defendant is listed in the Complaint as "MHM Services Corporate Office, Centurion of MS," and a single address is provided. (Compl. at 3). Plaintiff has clarified that he is suing Centurion. Therefore, MHM Services will be dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, Defendant Patty Wiley should be, and is hereby, dismissed with prejudice for Plaintiff's failure to state a claim. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED AND ADJUDGED that Defendant MHM Services Corporate Office is dismissed without prejudice. The remainder of the case shall proceed.

So ordered and adjudged, this the ___6th___ day of July, 2016.

           _s/David Bramlette_
           UNITED STATES DISTRICT JUDGE