IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| **TYRONE JAMES WALKER, #K5384** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs | ) | Civil Action No. 5:16CV17-DCB-MTP |
| | ) | |
| **JAMES BURKE, ET. AL** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER OF DEFENDANT JAMES BURKE

COMES NOW, Defendant Dr. James Burke ("Dr. Burke" or "Defendant") and files his Answer and Affirmative Defenses to Plaintiff Tyrone Walker's ("Plaintiff's") Complaint, and in support thereof, shows the Court as follows:

### First Defense

The Complaint fails to state a claim against Dr. Burke upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

Dr. Burke was not deliberately indifferent to the serious medical needs of the Plaintiff.

### Third Defense

Plaintiff's complaints are barred to the extent the Plaintiff has failed to comply with the Administrative Remedy Program.

### Fourth Defense

Dr. Burke is not responsible for the acts of any other person.

### Fifth Defense

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

4/494831.2

### Sixth Defense

Dr. Burke pleads all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

### Seventh Defense

Plaintiff is subject to the provisions of 28 U.S.C. § 1915.

### Eighth Defense

The Plaintiff's Complaint lacks merit, is frivolous, and fails to state a claim and therefore should be dismissed with a "strike" in accordance with the Prison Litigation Reform Act.

### Ninth Defense

Plaintiff's claims are barred by the doctrines of res judicata and estoppel.

### Tenth Defense

The damages allegedly suffered by Plaintiff, if any, were the result of Plaintiff's own acts.

### Eleventh Defense

The facts not having been developed, Defendant adopts the following affirmative defenses: comparative fault, duress, illegality, waiver, and any other matter constituting an affirmative defense as may be shown by the facts in this cause.

### Twelfth Defense

Defendant asserts any alleged conduct or omission on his part was not the cause of injury alleged by Plaintiff.

### Thirteenth Defense

Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which Defendant did not control, have a right to control, or have any influence over.

4/494831.2

**Fourteenth Defense**

Defendant at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care, which would be rendered by a reasonably prudent person under the same or similar circumstances.

**Fifteenth Defense**

Dr. Burke is immune under the federal doctrine of qualified immunity.

**Sixteenth Defense**

Dr. Burke is immune under Mississippi state law.

**Seventeenth Defense**

Dr. Burke is immune from liability under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1, et seq. (Rev. 2002 & Supp. 2011).

**Eighteenth Defense**

Plaintiff Walker has not exhausted administrative remedies as required by 42 U.S.C. §1997e(a).

**Nineteenth Defense**

To the extent that Plaintiff's Complaint is making any claim under state law for medical negligence, Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law, Miss. Code Ann. § 11-1-65(a), (c)(Supp. 2007), and Plaintiff did not attach the Notice required by Miss. Code Ann. § 15-1-36(15)(Rev. 2003) and did not attach the Certificate required by Miss. Code Ann. § 11-1-58(Supp. 2007).

**Twentieth Defense**

Alternatively, Defendant demands application of Miss. Code Ann. § 85-5-7 (1972) and the appropriate apportionment of damages to all parties who may be liable to Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

### Twenty-First Defense

Any and all of Plaintiff's alleged injuries and damages were caused by independent, intervening or superseding acts or omissions of others for whose actions Defendant has no liability, vicariously or otherwise, thus reducing any recovery to which the Plaintiff may be entitled against Defendant under the doctrine of comparative negligence. Miss. Code Ann. § 11-7-15 (1972).

### Twenty-Second Defense

Defendant asserts the defense of self-defense and/or defense of others.

### Twenty-Third Defense

Defendant reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to him which may become applicable through discovery and during the trial of this cause.

### Answer

And now, having affirmatively pled his defenses, Dr. Burke, answering the Complaint, states:

Defendant Dr. Burke admits that at the time of the alleged incident, he was employed by Centurion of Mississippi, LLP to provide medical services to the inmates incarcerated at the Wilkinson Count Correctional Facility (WCCF). He further admits Plaintiff was incarcerated at WCCF.

Defendant further admits that this Court has jurisdiction over the Plaintiff's claims and that this Court is the proper venue for the filing of the Complaint.

Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations made in the Complaint against other Defendants and on that basis denies the same.

To the extent not expressly admitted above, Defendant denies each and every other allegation in the Complaint which makes a claim against him.  Defendant denies any claim or

allegation that he wrongfully hit or struck Plaintiff, or otherwise committed any battery against Plaintiff. He further denies any claim or allegation that Defended denied Plaintiff needed medical care or that he acted with deliberate indifference to any serious medical need of the Plaintiff. Defendant further denies that the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Dr. James Burke denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that the Court enter an Order and Final Judgment dismissing the Plaintiff's Complaint, with prejudice, at Plaintiff's costs and moves for general and such other relief as the Court deems appropriate.

Respectfully submitted, this the 9th day of September, 2016.

/s/ Michael L. Cowan
Michael J. Bentley (MS Bar 102631)
Erin Saltaformaggio (MS Bar 103999)
Michael L. Cowan (MS Bar 104868)
ATTORNEYS FOR DEFENDANT DR. JAMES BURKE

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS, LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone:   (601) 948-8000
Facsimile:   (601) 948-3000

4/494831.2

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the foregoing via the Court's ECF system, which will send notification and deliver copies to all counsel of record. I further certify that I have this day mailed by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to:

**Tyrone James Walker** (# K5384)
EMCF
10641 Hwy 80 West
Meridian, MS 39307

This the 9th day of September, 2016

                                                  */s/ Michael L. Cowan*
                                                  OF COUNSEL

4/494831.2