IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYRONE JAMES WALKER, #K5384                                        PLAINTIFF

VS.                                             CIVIL ACTION NO. 5:16-cv-17-DCB-MTP

MEDICAL DIRECTOR JAMES BURKE, ET AL.                              DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT BASED ON**
**PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COME NOW Defendants Deputy Warden Gabriel Walker, Sgt. Drucilla Jenkins, Sgt.

Velisha Jones, and Management & Training Corporation, by counsel and pursuant to Rule 56 of the

Federal Rules of Civil Procedure, and file this their Memorandum of Authorities in Support of their

Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies,

as follows:

**FACTUAL BACKGROUND**

Plaintiff Tyrone Walker filed this *pro se* civil action on March 2, 2016, pursuant to 42 U.S.C.

§ 1983.  He claims violations of his constitutional rights during his incarceration at Wilkinson

County Correctional Facility ("WCCF").  At all times relevant to the instant action, Plaintiff was a

post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") and

is proceeding *in forma pauperis*.  Defendants Deputy Warden Gabriel Walker, Sgt. Drucilla Jenkins,

and Sgt. Velisha Jones were at all relevant times employed by Defendant Management & Training

Corporation ("MTC") and worked at WCCF.  MTC has operated WCCF since July 1, 2013.[1]

This lawsuit arises out of an incident occurring on January 25, 2016, in the medical

---

[1] Upon information and belief, Defendant Bernadette Rodriguez has never been served
with process.  However, the basis for these Defendants' Motion for Summary Judgment likewise
bars Plaintiff's claims against Rodriguez.

department at WCCF.  *See* Complaint, Doc. [1].  Plaintiff claims Dr. Burke "beat" his leg with an IV pole while he was in full restraints and as Nurse Parker and Officer Jenkins held him down.  *Id.*, at 5.  The WCCF incident report indicates Plaintiff was actually the aggressor in the altercation and had become upset after he was told that Dr. Burke was unable to see him during his visit to the medical department that day.  *See* Incident Report, Exh. "A."

Plaintiff's claims against Sgt. Jenkins and Sgt. Jones appear to be based on his allegation that they held him down as he was being hit by Dr. Burke with a metal rod and/or their failure to intervene.  *See* Complaint, Doc. [1]; Response to Order, Doc. [11].  Plaintiff's claims against Major Rodriguez appear to be based on his allegation that he wrote to her following the subject incident and informed her of his injuries, but that she did not provide him with adequate medical treatment for the same.  *See* Doc. [11].  Plaintiff claims Deputy Warden Walker failed to properly train WCCF security staff and allegedly told the hospital staff at McComb to put a splint on his leg instead of a cast.  *See* Doc. [1].  Plaintiff also appears to claim that MTC failed to provide him medical attention following the subject incident.[2]  *Id.*

Although Plaintiff did file two administrative grievances complaining about the adequacy of his medical treatment following the subject incident, it is undisputed that Plaintiff did not exhaust his available administrative remedies regarding his claims against Sgt. Jenkins, Sgt. Jones, Deputy Warden Walker, or Management & Training Corporation prior to filing suit against them in federal court.

On February 4, 2016, Plaintiff submitted a grievance through the MDOC Administrative

---

[2] MTC does not employ any nurses or medical doctors at WCCF or EMCF and is not involved in the provision of medical treatment for inmates at those facilities.

Remedy Program ("ARP"), claiming as follows:

> I Tyrone Walker K5384 was in a[n] incident at medical on January 25, 2016
> which resulted in[ ] my leg being broken by a doctor name James Burks the
> facility doctor. On January 28, 2016 I was x-rayed and sent to a outside
> hospital for my broken leg. Since I have returned to the prison I have been
> unable to receive proper medical attention for my leg and I am in constan[t]
> pain daily. On February 3, 2016 the above writer was in real bad pain and
> my foot had swollen up and turned green.  I told the pill call Nurse Rogers
> and she said it was swollen and had fluid on it and that I needed to see the
> doctor and that she would bring me something back for it. This is the 5th time
> that medical has promise to bring or send me meds for my pain[.] I want to
> be moved where I can receive proper care for my broken leg and receive
> proper med. The doctor refused to see me for my leg and this is why I am
> seeking the administrative remedy program.

*See* Fountain Affidavit, Exh. "B," referencing WCCF-16-191.  Plaintiff's grievance did not mention

or reference Sgt. Jenkins or Sgt. Jones' involvement in the alleged altercation, nor did it reference

Plaintiff's claims that Deputy Warden Walker failed to train security staff and interfered with his

access to medical treatment.  *Id.*  Plaintiff's grievance also did not mention any claims against MTC,

which has no involvement in the provision of medical treatment at WCCF.  *Id.*  Plaintiff did not

complete the two-step ARP process for this grievance until he received a second step response from

Health Services Administrator Patsy Wiley on June 6, 2016, more than three months after Plaintiff

had already filed suit.  *Id.*  Plaintiff did not file any other grievances at WCCF related to his

altercation with Dr. Burke or treatment for his alleged injuries.  *Id.*

Plaintiff was transferred from WCCF to EMCF on February 9, 2016.  *See* Dempsey Affidavit,

Exh. "C," EMCF-16-386.  On or about March 7, 2016, Plaintiff submitted another grievance through

the ARP process complaining about the adequacy of his medical treatment:

> I was received at EMCF on February 9, 2016. I came from WCCF with a
> broken left leg. I the writer [have] been complaining constantly to all nurses
> that I am in pain and need something for it. [This] has been going for the

> whole month I've been [at] EMCF. I seen the doctor February 25, 2016 and
> I was promised something for my pain. Here it is March 1, 2016. I still
> haven't receive[d] any pain med. Whomever this concern I am requesting that
> [I] be moved to a medical facility [where] I can get the proper medical care.
> I am currently not on any medication and should not be here at this facility.
> Let the record reflect that I have seen the nurse practitioner 3 time[s] and the
> doctor 1 time in 1 month that I have been here at this facility and haven't
> received any med. I feel if I remain any longer I still won't receive anything
> in the future. I request to be moved to a medical facility because my leg has
> gotten worse over the month.

*See* Exh. "C," EMCF-16-386.  Like the grievance Plaintiff submitted at WCCF, this grievance likewise fails to reference Sgt. Jones, Sgt. Jenkins, Deputy Warden Walker, or MTC.[3]  *Id*.  Plaintiff did not complete the two-step ARP process for this grievance until April 5, 2016, more than one month after he filed suit in federal court.  *Id*.

## LAW AND ARGUMENT

### A.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact that the moving party is entitled to judgment as a matter of law." *Chelates Corp. v. Citrate*, 477 U.S. 317, 322 (1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  A dispute must be genuine and the facts must be material." *Professional Managers, Inc. v. Faber, Bryan, Hardy and Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  The moving party has a duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on the motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).

---

[3] Neither of Plaintiff's grievances mention or reference Major Rodriguez or any potential claims against her.

Once a properly supported motion for summary judgment is presented, the non-moving party must rebut with "significant probative evidence." *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1977). In other words, "The non-moving litigant is required to bring forth significant probative evidence demonstrating the existence of a triable issue of fact." *In re: Municipal Bond Reporting Anti-Trust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).

To defend against a proper summary judgment motion, one may not rely on mere denial of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. A non-moving party's response, by affidavit or otherwise admissible evidence, must set forth specific facts showing that as to the matter at hand there is a genuine issue of material fact for trial. *Woods*, 687 F.2d at 119.

**B.    Plaintiff's claims are barred under the PLRA due to his failure to exhaust his available administrative remedies prior to filing suit**

Pursuant to the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust any available administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000). *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement).

Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through the administrative avenues." *White v. Epps*, 2009 U.S. Dist. LEXIS 98288, 2 (S.D. Miss. Aug. 19, 2009), citing *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA's exhaustion requirement "applies

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Dismissal is mandatory where a prisoner failed to properly exhaust the available prison grievance process *before* filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). In *Gonzalez*, the Fifth Circuit overruled prior case law that gave district courts discretion to "excuse" an inmate's failure to exhaust before filing suit. *See Id.*, overruling *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion before suit can be filed under the PLRA. *Tompkins v. Holman*, 2013 U.S. Dist. LEXIS 42338, 3 (S.D. Miss. March 26, 2013) (dismissing plaintiff's claims regarding inadequate medical care without prejudice for failing to complete the ARP process prior to filing suit). As stated by the U.S. Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. **The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .**

*Woodford v. Ngo*, 548 U.S. 81, 95 (U.S. 2006).

MISS. CODE ANN. § 47-5-801 grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator

-6-

within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See McKinney v. Byrd*, 2013 U.S. Dist. LEXIS 118689, *4, n.2. (S.D. Miss. July 2, 2013).

In the present action, Plaintiff filed administrative grievances at WCCF and EMCF complaining about the adequacy of his medical treatment for injuries he allegedly sustained in the January 25, 2016 altercation with Dr. Burke. However, neither of Plaintiff's grievances mentions or references any claims against Sgt. Jones, Sgt. Jenkins, Deputy Warden Walker, or MTC. It is undisputed that Plaintiff has never exhausted his available administrative remedies regarding any of his claims against these Defendants. Even if Plaintiff's grievances somehow did implicate one or more of these Defendants – which is denied – Plaintiff did not complete the two-step ARP process for either grievance prior to filing suit on March 2, 2016. He did not receive a second-step response from staff on either WCCF-16-191 or EMCF-16-386 until well after suit had already been filed.

There was nothing preventing Plaintiff from properly pursuing his claims against Sgt. Jones, Sgt. Jenkins, Deputy Warden Walker, or MTC through the prison's administrative grievance process before filing his suit against them in federal court. By filing suit against these Defendants without first exhausting his claims through the ARP process, Plaintiff undermined the very purpose of the prison's administrative grievance system. As noted by the U.S. Supreme Court, the grievance system will not have a fair opportunity to consider a prisoner's claims unless the prisoner complies with the

system's procedural rules, which Plaintiff did not do. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The Court has no discretion here to excuse Plaintiff's failure to exhaust prior to filing suit. *Gonzalez*, 702 F.3d at 788.

Because Plaintiff has failed to exhaust his available administrative remedies regarding the claims raised against these Defendants prior to filing suit, his claims against these Defendants are barred by the PLRA, 42 U.S.C. § 1997e(a), and should be dismissed.

## CONCLUSION

Plaintiff has failed to exhaust his available administrative remedies as to any of his claims against Sgt. Jones, Sgt. Jenkins, Deputy Warden Walker, or MTC. Accordingly, there are no genuine issues of material fact, and Plaintiff's claims against these Defendants are barred under 42 U.S.C. § 1997e(a) and should be dismissed as a matter of law.

Respectfully submitted, this the 4th day of October, 2016.

> DEPUTY WARDEN GABRIEL WALKER, SGT.
> DRUCILLA JENKINS, SGT. VELISHA JONES,
> AND MANAGEMENT & TRAINING
> CORPORATION, DEFENDANTS
>
> BY:   */s/ Steven J. Griffin*
>       OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084

TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 4, 2016, I electronically filed the foregoing with the Clerk

of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal

Service the document to the following non-ECF participants:

> Tyrone James Walker (MDOC #K5384)
> c/o East Mississippi Correctional Facility
> 10641 Highway 80 West
> Meridian, MS 39307

/s/ *Steven J. Griffin*_____