**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TYRONE JAMES WALKER, #K5384**                                           **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 5:16-cv-17-DCB-MTP**

**MEDICAL DIRECTOR JAMES BURKE, ET AL.**                                           **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Motion for Summary Judgment [37] filed by Defendants Gabrial Walker, Drucilla Jenkins, Velisha Jones, and Management and Training Corporation. The Motion was joined by Defendants James Burke, Centurion of MS, LLC, and Larry Parker. *See* [41]. Having considered the motion, the record, and applicable law, the undersigned recommends that the Motion [37] be GRANTED and this matter be dismissed without prejudice.

**FACTUAL BACKGROUND**

Plaintiff Tyrone James Walker, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently housed at the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi. Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983, on or about March 2, 2016. According to Plaintiff, when he was housed at Wilkinson County Correctional Facility ("WCCF"), Dr. Burke beat Plaintiff's leg with an "i.v. pole," causing a fracture. At the time, Plaintiff claims he was in full restraints and was also being held down by Parker, Jenkins, and Jones. Plaintiff contends he was subsequently placed in a lock down cell where, for two weeks, MTC and Rodriguez denied him medical attention for his broken leg. He

1

was then taken to a hospital in McComb, but he alleges that Warden Walker prevented the hospital from placing a cast on his leg, only giving him a splint.

On February 9, 2016, Plaintiff claims he was transferred to EMCF. He complains that he was placed on lock down where officers do not perform security checks, and the nurses will not come to distribute medicine. Plaintiff claims that he has filled out sick calls to "all of the officers," nurses, unit manager, and mental health counselors.[1] These sick calls complain about the pain from Plaintiff's leg, blood pressure, "real bad headaches," and black outs, but the requests have allegedly gone unanswered. Plaintiff claims that the only medication he is prescribed is a psychiatric medication, but he is not receiving it because the nurses will not come to his zone.

Defendants filed their Motion for Summary Judgment [37] on October 4, 2016, asserting that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing his claim.[2] Those Defendants who did not file the initial motion joined the motion on October 13, 2016, arguing that the claims against them should also be dismissed for Plaintiff's failure to exhaust his administrative remedies. On October 21, 2016, this Court gave Plaintiff until November 7, 2016, to respond to both the Motion [37] and the Joinder [41].[3] As Plaintiff has responded to both the motion and the joinder and, the motion is now ripe for disposition.

---

[1] Plaintiff has filed a motion to amend this part of his complaint to add the names of people he claims are responsible for him not receiving medicine in this unit. *See* Motion to Amend [42]. Even if Plaintiff were allowed to add these parties, it does not affect the analysis of whether he exhausted his administrative remedies.

[2] *See* Motion for Summary Judgment [37], Supporting Memorandum [38], and Joinder in Codefendant's Motion for Summary Judgment [41].

[3] This same day the Court received Plaintiff's response to the Motion for Summary Judgment [37], but he had not yet had an opportunity to respond to the Joinder [41].

## STANDARD

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.*  However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

Defendants assert that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42

U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id.* at 85.

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filings grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative

review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See Cannady v. Epps*, No 3:04cv107-HTW-JCS, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006).

In support of their claim that Plaintiff failed to properly exhaust his claims before filing suit in this court, Defendants offer the sworn affidavit of Janice Fountain, an MDOC employee who works as the ARP Coordinator at WCCF. In her affidavit, Fountain states that Plaintiff filed an ARP while incarcerated at WCCF regarding an incident with Dr. James Burke that resulted in his leg being broken, and complaining that he was not receiving medicine for his leg.[4] She states that Plaintiff exhausted the ARP process when he received a second step response from Health Services Administrator Patsy Wiley. This response was signed by Wiley on June 6, 2016, and signed by Plaintiff on June 21, 2016. These dates are approximately 3 months after Plaintiff filed the current action.

Defendants also offer the sworn affidavit of Mary Dempsey, an MDOC employee who works as the ARP Coordinator at EMCF. In her affidavit, Dempsey states that Plaintiff filed an

ARP while incarcerated at EMCF complaining that he had not received pain medication for his broken leg. She states that Plaintiff exhausted the ARP process when he received a second step response from Dr. Abanan on April 5, 2016.[5] This date is approximately one month after Plaintiff filed the current action.

Plaintiff in his response to the Motion for Summary Judgment states that "he did in fact file an ARP" and submits a copy of a "First Step Response Form" as proof. *See* [46].[6] Defendants submit that this particular grievance submitted by Plaintiff pertained to a different incident that occurred in October of 2015, before the incident with Dr. Burke and submits Plaintiff's ARP grievance as proof. *See* ARP Grievance [49-1]. They also argue that regardless of whether this grievance is related to this current action, it was not exhausted until after this action was filed. In support, they offer the second step response to this particular grievance which is dated August 4, 2016. *See* [48-1] at 4. This date is five months after Plaintiff filed the current action.

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The record before the Court shows that Walker filed this action before receiving a second-step response through the ARP with regard to the grievances he filed. Further, he has not demonstrated that exhaustion would have been futile or that administrative remedies were

---

[4] *See* Affidavit of Janice Fountain and Exhibits [37-2].
[5] *See* Affidavit of Mary Dempsey and Exhibits [37-3].
[6] Plaintiff also filed an Objection to the Motion and Joinder. *See* [54]. However, this objection adds nothing to Plaintiff initial response. *See* [46]. He simply argues the merits of this case and only mentions that he filed ARP grievances. *See* [54] at 2. He does not address whether he exhausted the ARP process prior to filing suit.

unavailable. He did, in fact, file grievances, but did not exhaust the ARP process before filing suit.

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.   Plaintiff has not made such a showing. Accordingly, undersigned recommends that this case be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendant's Motion for Summary Judgment [37] be granted;
2. Plaintiff's Motion to Amend [42] be denied[7];
3. This action be dismissed without prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

---

[7] *See supra* note 1.

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 7th day of December, 2016.

                 s/ Michael T. Parker
                 United States Magistrate Judge