IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TYRONE JAMES WALKER, #K5384                                      PLAINTIFF

VS.                                    CIVIL ACTION NO. 5:16-cv-17(DCB)(MTP)

MEDICAL DIRECTOR JAMES BURKE, DEPUTY
WARDEN GABRIAL WALKER, BERNADETTE
RODRIGUEZ, DRUCILLA JENKINS, NURSE
UNKNOWN PARKER, VELISHA JONES,
MANAGEMENT AND TRAINING CORPORATION,
AND CENTURION OF MS, LLC                                         DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Motion for Summary **(docket entry 37)** filed by defendants Gabrial Walker, Drucilla Jenkins, Velisha Jones, and Management and Training Corporation (joined by defendants James Burke, Centurion of MS, LLC, and Larry Parker **(docket entry 41)**), on the plaintiff Tyrone James Walker ("Walker")'s Motion to Amend Complaint Adding a Party or Parties **(docket entry 42)**, and on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 56)**. No objections to the Report and Recommendation were filed by the plaintiff or defendants. Having carefully considered the record in this case, as well as the applicable law, the Court finds as follows:

Plaintiff Walker, proceeding pro se and in forma pauperis, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently housed at the

East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi. Walker filed the instant civil rights action pursuant to 42 U.S.C. § 1983, on or about March 2, 2016. According to the plaintiff, when he was housed at Wilkinson County Correctional Facility ("WCCF"), Dr. Burke beat the plaintiff's leg with an "i.v. pole," causing a fracture. At the time, the plaintiff claims he was in full restraints and was also being held down by defendants Parker, Jenkins, and Jones. The plaintiff contends he was subsequently placed in a lock down cell where, for two weeks, Management and Training Corporation ("MTC") and defendant Rodriguez denied him medical attention for his broken leg. He was then taken to a hospital in McComb, but he alleges that Warden Walker prevented the hospital from placing a cast on his leg, giving him only a splint.

The plaintiff further claims that on February 9, 2016, he was transferred to EMCF. He complains that he was placed on lock down where officers do not perform security checks, and nurses do not distribute medicine. He also claims that he has filled out sick calls to "all of the officers," nurses, unit manager, and mental health counselors. These sick calls complain about the pain in the plaintiff's leg, blood pressure, "real bad headaches," and blackouts, but the requests are alleged by the plaintiff to have gone unanswered. The plaintiff claims that the only medication he has been prescribed is a psychiatric medication, but he is not

receiving it because the nurses will not come to his zone.

The defendants filed their Motion for Summary Judgment asserting that this matter should be dismissed because the plaintiff failed to exhaust his administrative remedies before filing his claim. Those defendants who did not file the initial motion subsequently joined the motion, arguing that the claims against them should also be dismissed for the plaintiff's failure to exhaust his administrative remedies.

Following the plaintiff's responses to the motion and joinder, Magistrate Judge Parker issued his Report and Recommendation.

A motion for summary judgment will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)(citing Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." Id. However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Turner v. Baylor

3

Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 199 (5th Cir. 1988); see also Celotex, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The defendants assert that the plaintiff's case should be dismissed because he has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Indeed ... a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." Id. at 85. The United States Court of Appeals for the Fifth Circuit has

4

upheld the grant of summary judgment where the evidence reveals that an inmate has not followed prison guidelines for filing grievances, thus failing to exhaust his administrative remedies. Stout v. North-Williams, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have clearly held that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. See, e.g., Woodford, 548 U.S. at 83-84; Johnson v. Ford, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); Lane v. Harris Cnty. Medical Dep't., 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008)(stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

Because exhaustion is an affirmative defense, the defendants bear the burden of demonstrating that the plaintiff failed to exhaust available administrative remedies. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). Miss. Code Ann. § 47-5-801 grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory

authority, MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of his incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. See Cannady v. Epps, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006).

In support of their claim that the plaintiff failed to properly exhaust his claims before filing suit in this Court, the defendants offer the sworn affidavit of Janice Fountain, an MDOC employee who works as the ARP Coordinator at WCCF. In her affidavit, Fountain states that the plaintiff filed an ARP while incarcerated at WCCF regarding an incident with Dr. James Burke that resulted in his leg being broken, and complaining that he was not receiving medicine for his leg. She also states that the plaintiff exhausted the ARP process when he received a second step

6

response from Health Services Administrator Patsy Wiley. This response was signed by Wiley on June 6, 2016, and signed by the plaintiff on June 21, 2016. However, these dates are approximately 3 months after the plaintiff filed the current action.

The defendants also offer the sworn affidavit of Mary Dempsey, an MDOC employee who works as the ARP Coordinator at EMCF. In her affidavit, Dempsey states that the plaintiff filed an ARP while incarcerated at EMCF complaining that he had not received pain medication for his broken leg. She states that Plaintiff exhausted the ARP process when he received a second step response from Dr. Abanan on April 5, 2016. However, this date is approximately one month after the plaintiff filed the current action.

In response to the defendants' Motion for Summary Judgment, the plaintiff states that "he did in fact file an ARP," and submits a copy of a "First Step Response Form" as proof thereof. The defendants submit that this particular grievance submitted by the plaintiff pertained to a different incident that occurred in October of 2015 (before the incident with Dr. Burke) and they submit the plaintiff's ARP grievance as proof. They also argue that regardless of whether this grievance is related to the current action, it was not exhausted until after this action was filed. In support, they offer the second step response to this particular grievance which is dated August 4, 2016. This date is five months after the plaintiff filed the current action.

7

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). The record before the Court shows that Walker filed this action before receiving a second-step response through the ARP with regard to the grievances he filed. Further, he has not demonstrated that exhaustion would have been futile or that administrative remedies were unavailable. Walker did, in fact, file grievances, but he did not exhaust the ARP process before filing suit.

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. Id. The plaintiff has not made such a showing.

In his Report and Recommendation, Magistrate Judge Parker recommends that this case be dismissed because the plaintiff failed to exhaust his administrative remedies before filing suit. The

Court finds that the Report and Recommendation shall be adopted, and that the defendants' Motion for Summary Judgment shall be granted.

The plaintiff has filed a motion to amend his complaint to add the names of people he claims are responsible for him not receiving medicine while at EMCF. Since adding these parties would not affect the analysis of whether the plaintiff exhausted his administrative remedies in this unit, and since the plaintiff failed to exhaust his administrative remedies before filing suit, his motion to amend the complaint shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 56)** is adopted as the findings of fact and conclusions of law in this case;

FURTHER ORDERED that the Motion for Summary Judgment **(docket entry 37)** filed by defendants Gabrial Walker, Drucilla Jenkins, Velisha Jones, and Management and Training Corporation (joined by defendants James Burke, Centurion of MS, LLC, and Larry Parker **(docket entry 41)**), is GRANTED;

FURTHER ORDERED that the plaintiff Tyrone James Walker's Motion to Amend Complaint Adding a Party or Parties **(docket entry 42)** is DENIED.

A Final Judgment, granting summary judgment in favor of the defendants for the plaintiff's failure to exhaust administrative

remedies, and dismissing this case without prejudice, shall issue of even date herewith.

SO ORDERED, this the 4th day of May, 2017.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE